UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-CV-23008/GAYLES

FIDEL OLANO ABALLE,
JOAN ROASADO OCHOA,
ADRIAN ORDAS ROSADO and all
others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

TROPICAL FALLS, INC.,
DAVID BRYAN and
MANUEL CLARO

    Defendants.

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, TROPICAL FALLS, INC. ("TROPICAL FALLS"), DAVID BRYAN ('BRYAN") and MANUEL CLARO ("CLARO") (collectively referred to as "Defendants"), by and through their undersigned attorneys, hereby answer Plaintiffs', FIDEL OLANO ABALLE ("ABALLE"), JOAN ROASADO OCHOA ("OCHOA"), and ADRIAN ORDAS ROSADO ("ROSADO") First Amended Complaint as follows:

1. Defendants admit that this action is purported to arise under the Fair Labor Standards Act ("FLSA"), but deny that the Plaintiffs are entitled to the relief sought.

2. Defendants are without sufficient information and belief to admit or deny paragraph 2 of the Complaint.

3. Defendants admit that TROPICAL FALLS is a corporation that regularly transacts business within Miami-Dade County and that TROPICAL FALLS was Plaintiff's employer for Plaintiff's respective period of employment. Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4. Admitted.

5. Denied.

6. Admitted for jurisdictional purposes only.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

7. Defendants admit that this action is purported to arise under the laws of the United States and is purported to be a collective action. Defendants deny that there are other employees who are similarly situated and deny any remaining unanswered allegations in Paragraph 7 of the Complaint.

8. Admitted for jurisdiction purposes only.

9. The allegations of paragraph 9 of the Complaint recite a statement of law to which no response is required.

10. Defendants admit that ABALLE worked for TROPICAL FALLS as a gardener approximately during the period set forth in Paragraph 10 in the First Amended Complaint. The remaining allegations in Paragraph 10 are denied.

11. Defendants admit that OCHOA worked for TROPICAL FALLS as a gardener approximately during the period set forth in Paragraph 11 in the First Amended Complaint. The remaining allegations in Paragraph 11 are denied.

12. Defendants admit that ROSADO worked for TROPICAL FALLS as a gardener approximately during the period set forth in Paragraph 12 in the First Amended Complaint. The remaining allegations in Paragraph 12 are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

17. Denied.

18. Denied.

19. Denied.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

At all times, Defendants acted in good faith and had reasonable grounds to believe its policies and practices comported with the governing law, including the FLSA. Therefore, Plaintiff is barred from recovering liquidated damages.

### Third Affirmative Defense

At no time did Defendants act "willfully" within the meaning of the FLSA Therefore, Plaintiff is barred from recovering liquidated damages.

### Fourth Affirmative Defense

To the extent Plaintiff attempt to bring a collective action and/or seeks certification for a collective action, these claim is barred as there exists no similarly situated employees and/or there are no similarly situated employees who desire to opt-in to this action.

### Fifth Affirmative Defense

In the event and to the extent that any overtime is due Plaintiffs, such overtime should be computed pursuant to the "half time" method of computing overtime wages.

### Sixth Affirmative Defense

Plaintiff's claim against Defendant, MANUEL CLARO, in his individual capacity are barred because he is not an employer within the meaning of the FLSA.

### Seventh Affirmative Defense

Defendant TROPICAL FALLS is not a covered employer under enterprise coverage because it does not employ two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce.

### Eighth Affirmative Defense

Defendant is not a covered employer under individual coverage because Plaintiff's work did not affect interstate commerce because the materials and good that Plaintiff used on a constant or continual basis or that were supplied to him by Defendants to use on the job did not move through interstate commerce prior or subsequent to Plaintiff's use of these materials or goods.

### Ninth Affirmative Defense

Plaintiff has failed to mitigate his damages, if any.

### Tenth Affirmative Defense

The Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which they were engaged in activities which were preliminary or postliminary to their principal activities.

### Eleventh Affirmative Defense

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA. *See, e.g.,* C.F.R. § 785.19.

WHEREFORE, Defendants, TROPICAL FALLS, INC., DAVID BRYAN and MANUEL CLARO, respectfully request entry of judgment in their favor and against Plaintiffs, FIDEL OLANO ABALLE, JOAN ROASADO OCHOA and ADRIAN ORDAS ROSADO and an award of costs and such other relief that this Court deems just, necessary and proper.

Respectfully submitted,

**GALLUP AUERBACH**
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
t: 954-894-3035
f: 954-894-8015
e: dgallup@gallup-law.com

By:     /s/ Dana M. Gallup
        DANA M. GALLUP
        FBN:  0949329
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 19th day of September 2017, we electronically filed the foregoing document with the Clerk of Court using EM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/*Dana M. Gallup*
      Dana M. Gallup
      FBN: 949329


**CASE NO. 1:17-CV-20402**
**SERVICE LIST**

| Dana M Gallup, Esq. | Neil Tobak, Esq. |
|---|---|
| **GALLUP AUERBACH** | Rivkah Fay Jaff |
| 4000 Hollywood Boulevard | Jamie H Zidell |
| Presidential Circle-Suite 265 South | J.H. Zidell, P.A. |
| Hollywood, Florida 33021 | 300 71st Street |
| t: 954-894-3035 | Suite 605 |
| f: 954-894-8015 | Miami Beach, FL 33141 |
| dgallup@gallup-law.com | t: 305-865-6766 |
| *Counsel for Defendants* | f: 305-865-7167 |
| | ntobak.zidellpa@gmail.com |
| Via CM/ECF | rivkah.jaff@gmail.com |
| | zabogado@aol.com |
| | *Counsel for Plaintiffs* |
| | Via CM/ECF |