UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-23008-GAYLES/OTAZO-REYES

FIDEL OLANO ABALLE,
JOAN ROSADO OCHOA,
ADRIAN MORDAS ROSADO and all others
similarly situated under 29 U.S.C. § 216 (b),

        Plaintiffs,
vs.

TROPICAL FALLS, INC.,
DAVID BRYAN,
MANUEL CLARO,

        Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE DISPOSITIVE MOTION

    Defendants, TROPICAL FALLS, INC., DAVID BRYAN, and MANUEL CLARO, by and through undersigned counsel, hereby file the following Response in Opposition to Plaintiffs', FIDEL OLANO ABALLE, JOAN ROSADO OCHOA and ADRIAN MORDAS ROSADO, Motion for Enlargement of Time to File Dispositive Motion [DE 43], and in support thereof, states as follows:

    1. Per this Court's Scheduling Order [DE 24], factual and expert discovery was to be completed no later than December 29, 2017, and any dispositive motions filed no later than January 29, 2018.

    2. Plaintiffs did not seek an enlargement of time of the discovery deadline before that deadline expired and, indeed, to date, Plaintiffs have failed to request additional time to conduct factual discovery.

3. On October 25, 2017, Plaintiffs served their Initial Disclosures and, at that time, identified Yasel Finales and Osmani Barcelo as potential witnesses in this case. Then, on October 30, 2017 Plaintiffs' counsel took Defendant David Bryan's deposition, wherein Mr. Bryan also identified Yasel Finales and Osmani Barcelo as co-workers of the Plaintiffs who worked on Plaintiffs' crew at certain times of Plaintiffs working for Tropical Falls.

4. Plaintiff's counsel waited for over two weeks, until November 13, 2017, to notice the depositions of and subpoena Yasel Finales and Osmani Barcelo and scheduled these depositions to take place on December 12, 2017 and December 15, 2017 respectively, about two weeks before the discovery deadline.

5. Mr. Finales and Mr. Barcelo were apparently served with the subpoenas, but failed to appear for their depositions.

6. On December 18, 2017, eleven days before the discovery deadline, Plaintiffs moved to compel the depositions of Mr. Finales and Mr. Barcel and noticed a hearing for January 18, 2018. Despite the fact that the hearing on the motion to compel was going to take place three weeks after the discovery deadline, which would mean the depositions of Mr. Finales and Mr. Barcelo would necessarily have to be taken well past the discovery deadline, Plaintiffs did not timely seek an extension of the discovery deadline prior to December 29, 2017 or prior to the January 18, 2018 hearing or at any time to date.

7. Defendants did not object to the relief sought by the Plaintiffs in compelling the depositions of Mr. Finales and Mr. Barcelo because the taking of these depositions would not have impacted any other deadlines in the case, including the dispositive motion deadline or the trial date.

8. At the hearing on January 18, 2018, this Court scheduled a Show Cause Hearing to take place on February 1, 2018.

9. Plaintiffs failed to request this Court to extend the dispositive motion deadline until just ***ten (10) days*** prior to the dispositive motion deadline and ***twenty (20) days after*** the expiration of the discovery deadline, and yet Plaintiffs have still failed to move for an extension of the discovery deadline.

10. Although, as indicated above, Defendants did not object to Plaintiffs' Motion to Compel Depositions because Defendants assumed it would not impact deadlines mandated in this Court's Scheduling Order; Defendants do object to the motion to extend the dispositive motion. Defendants will be prejudiced by the extension of the dispositive motion deadline because Defendants' counsel has been working diligently in drafting their dispositive motion for summary judgment based upon the discovery properly conducted within the discovery period and in anticipation of the January 29, 2018 deadline. Moreover, the requested extension will narrow the window of time for this Court to review and rule upon dispositive motions, pushing that decision closer to the trial date and thereby causing Defendants to expend substantial time and effort preparing for a trial that may not take place in the event Defendants' summary judgment were to be granted.

## MEMORANDUM OF LAW

Under Rule 6(b)(1)(B), the court may, for good cause, extend the time period for filing a motion after the deadline has expired only of the moving party failed to act because of excusable neglect. To determine if there was excusable neglect, the court considers the following factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993); *see also*, *Ashmore v. Sec'y, Dept. of Transp.*, 503 Fed. Appx. 683, 686 (11th Cir. 2013) (emphasis

added). In *Pioneer*, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *See Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir.1996).

Applying the factors from *Pioneer*, the court in *Ashmore* concluded that there was not a sufficient showing of excusable neglect to justify the motion to reopen discovery, where the motion to extend deadlines was filed just one day before the discovery deadline; the defendant would have been prejudiced by additional discovery because it had already filed its motion for summary judgment; the interest in judicial economy weighed against granting the motion; and the movant presented no valid reason for the considerable delay. *Ashmore v. Sec'y, Dept. of Transp.*, 503 Fed. Appx. 683, 686 (11th Cir. 2013).

Here, Plaintiffs failed to demonstrate that they acted with excusable neglect as they had significant time—sixty (60) days—to ensure the aforementioned depositions took place within the discovery deadline set by this Court or move to extend such deadline. After the witnesses failed to appear for deposition, Plaintiffs should have moved, but failed to move, for an extension of the discovery deadline before that deadline actually passed. Plaintiffs have failed to show excusable neglect as they had multiple prior opportunities to file such motion, yet, to date, have failed to do so. Further, Plaintiffs acted in bad faith by filing a motion solely to extend their time to file their motion for summary judgment, knowing full-well that a motion to extend the discovery deadline would be untimely.

Although Defendants have not yet filed their summary judgment motion, that motion is substantially completed based upon the discovery taken within the discovery deadline and in anticipation of timely complying with the January 29, 2018 deadline. Defendants will therefore be prejudiced by the extension of the dispositive motion deadline and judicial administration will be

hampered by shortening the time for this Court to review and rule upon Defendants' dispositive motion.

Plaintiffs claim that good cause has been shown because these witnesses are "believed to have information relevant to key issues in the case at bar and are critical." *D.E. 43*. Plaintiffs do not elaborate whatsoever as to the anticipated content of these witnesses' testimony as to warrant this Court extending the dispositive motion deadline. Plaintiffs have also failed to demonstrate that these witnesses have new evidence to supplement the evidence already obtained within the discovery period. Moreover, Plaintiffs have failed to establish that Defendants will not be prejudiced by the extension of the dispositive motion deadline, nor have they provided any support indicating that they have acted with excusable neglect. It is abundantly clear that Plaintiffs' Motion to Enlarge the Dispositive Motion Deadline would prejudice Defendants, impede judicial administration and should therefore be denied as a matter of law.

Based on the foregoing, this Court should deny Plaintiffs' motion because Plaintiffs' request is nothing but a thinly veiled back door attempt to seek an extension of the discovery deadline after-the-fact given their failure to timely make such a request prior to the expiration of the discovery deadline.

    Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Defendants*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
t : (954) 894-3035
f: (954) 894-8015
e: dgallup@gallup-law.com

By:    /s/ Dana M. Gallup_____
       DANA M. GALLUP
       FBN: 0949329

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 24th day of January 2018, we electronically filed the foregoing document with the Clerk of Court using EM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/Dana M. Gallup
Dana M. Gallup, Esq.
FBN: 949329

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

**SERVICE LIST**
*Aballe et al. v. Tropical Falls, Inc. et al.*
**CASE NO.: 17-cv-23008-GAYLES/OTAZO-REYES**

| | |
|---|---|
| Dana M. Gallup, Esq. | Jamie H. Zidell, Esq. |
| FBN: 949329 | zabogado@aol.com |
| **GALLUP AUERBACH** | FBN : 10121 |
| 4000 Hollywood Boulevard | |
| Suite 265 South | Neil Tobak, Esq. |
| Hollywood, Florida 33021 | ntobak.zidellpa@gmail.com |
| | FBN : 93940 |
| T:  954.894.3035 | |
| F:  954.894.8015 | Rivkah Fay Jaff |
| E-Mail: dgallup@gallup-law.com | rivkah.jaff@gmail.com |
| | FBN: 107511 |
| | |
| | K. David Kelly, Esq. |
| *Attorney for Defendants* | david.kelly38@rocketmail.com |
| | FBN: 123870 |
| | |
| | **J.H. ZIDELL, P.A.** |
| *VIA CM/ECF* | 300 71st Street |
| | Suite 605 |
| | Miami Beach, FL 33141 |
| | |
| | t: 305-865-6766 |
| | f: 305-865-7167 |
| | |
| | *Counsel for Plaintiffs* |
| | |
| | *VIA CM/ECF* |